**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

|                     |     |                          |
|---------------------|-----|--------------------------|
|                     | )   |                          |
|                     | )   |                          |
| **OLIVER,**         | )   | **Civil Action No. 17-cv-140** |
|                     | )   |                          |
| **v.**              | )   |                          |
|                     | )   |                          |
|                     | )   |                          |
|                     | )   |                          |
|                     | )   |                          |
| **RICCI, et al.**   | )   |                          |
|                     | )   |                          |

## I.     INTRODUCTION

Plaintiff, Tiffany Oliver, instituted this action on May 30, 2017 by filing a motion for

leave to proceed *in forma pauperis*. Dkt. No. 1. The Court granted her motion on June 2, 2017

and directed the Clerk of the Court to file the proposed complaint.  Dkt. No. 5. Thereafter, on

June 9, 2017, the Court ordered the United States Marshal Service to mail a copy of the

complaint, notice of lawsuit, request for waiver of service of summons, and waiver form to the

named defendants. Dkt. No. 9. Three days later, on June 12, 2017, Plaintiff filed the instant

Motion for Preliminary Injunctive Relief. Dkt. No. 12. The Court interprets the motion as an *ex*

*parte* motion for a temporary restraining order. Having reviewed the motion, the record of the

case, and the relevant legal authority, the Court will deny the motion. The reasoning for the

Court's decision follows.

## II.     BACKGROUND

Plaintiff instituted this action against Defendant Gerald Ricci and his businesses Ricci

Estates LLC and Rememory Images LLC (hereinafter collectively referred to a "Defendants").

Plaintiff alleges that she and her partner, John May, entered into a land installment contract with

Defendants under which it was agreed that Plaintiff, May, and their young son would occupy and ultimately purchase the single-family residence located at 88 Meadvill Pike, Franklin, PA 16323. Dkt. No. 6 at ¶¶ 10, 18-19.[1] Plaintiff alleges that she, May, and their son are disabled as defined by 42 U.S.C. § 3602(h) and receive Social Security benefits as a result. *Id.* at ¶¶ 6-8. She also claims that she qualified for assistance under the Self Determination Housing Project of Pennsylvania ("SDHP") to help her modify the residence, but needed Defendants' approval before the modifications could commence. ¶¶ 16, 24. Plaintiff charges that despite the fact that Defendants would not have to personally pay for the modifications, Defendants refused to consent to them. ¶ 24.

Plaintiff claims that she received a "Notice to Quit" letter dated May 12, 2017, stating that Plaintiff had three days to pay the Defendants the sum of $675.00 or she would have to surrender the residence to Defendants. ¶ 28. On May 22, 2017, Defendants filed for eviction in state court. ¶ 31. The eviction hearing has been rescheduled several times and is currently scheduled for June 22, 2017.

Plaintiff charges that Defendants filed the eviction proceedings as retaliation because she "sought a legal right to have housing that was modified for … [the] recognized disabilities" of Plaintiff and her family members. ¶ 29. She claims that Defendants' actions violate Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. §§ 3601-3631. Plaintiff seeks both monetary and injunctive relief.

---

[1] The complaint references several exhibits; however, the exhibits were not filed on the record.

**III.    DISCUSSION**

As discussed above, Plaintiff has filed a motion for a preliminary injunction, requesting that this Court issue a temporary restraining order to prevent Defendants "from pursuing eviction against Plaintiff" in state court.

**A.    Legal Standard**

Under Federal Rule of Procedure 65, a request for a preliminary injunction requires notice to the adverse party, usually in the form of a hearing. *PharmaSeq, Inc. v. Estate of Griess*, 2015 WL 620802, *1 (E.D.P.A. Feb. 11, 2015) (citing Fed.R.Civ.P. 65(a)). However, a court may issue an *ex parte* temporary restraining order until a hearing may be held in order to preserve the status quo. *Id.* (citing Fed.R.Civ.P. 65(b)); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") (citation omitted).

As stated above, this Court directed the United States Marshal Service to mail a copy of the summons and complaint in this case to the named Defendants. However, this directive was issued only four days ago and there is no indication in the record that Defendants have yet been properly served. Therefore, this Court will consider Plaintiff's motion as a motion for an *ex parte* temporary restraining order under Rule 65(b). *See PharmaSeq, Inc.,* 2015 WL 620802, *2 (E.D. Pa. Feb. 11, 2015) (citing *Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 657–58 (D. Del.1987) (applying Rule 65(b) standard where adverse party was not present and had no opportunity to be heard, despite movant's assertion that the adverse party was given notice).

Injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances." *Id*. (quoting *Kos Pharmaceuticals v. Andrx Corp*., 369 F.3d 700, 708 (3d Cir. 2004)). The standard to obtain a temporary restraining order is the same as for a preliminary injunction. *Id*. (citing *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994)). The party applying for a temporary restraining order must demonstrate: (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm if the injunction is not granted; (3) that granting injunctive relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors granting relief. *Kos Pharmaceuticals*, 369 F.3d at 708.

**B.     Analysis**

Before determining whether Plaintiff satisfies the four requirements for obtaining an *ex parte* temporary restraining order, this Court must first determine whether such an order would be prohibited by the Anti-Injunction Act ("AIA"). The Court determines that it is. The AIA provides that "[a] Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by [a]ct of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Th[e] Act presents an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly construed exceptions." *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. 2012) (citing *Vendo Co. v. Lektro-Vend Corp*, 433 U.S. 623, 630 (1977)); *see also*, *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 134 F.3d 133, 144 (3d Cir. 1998) (quoting *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) ("[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal

law, even when the interference is unmistakably clear."); *Liggon-Redding v. Generations*, 2014 WL 2805097, *2 (D.N.J. June 20, 2014) ("Generally, federal courts 'lack the authority to stay any state court proceeding, including Eviction Actions.'").

This Court concludes that none of the AIA's three exceptions applies to this case. As to the AIA's first exception—allowing for an injunction if "expressly authorized by Act of Congress"—"it is settled law that th[is] exception comes into play only when a statute 'clearly creating a federal right or remedy enforceable in a federal court of equity[ ] could be given its intended scope only by the stay of a state court proceeding." *Kristopher v. Stone Street Properties, LLC*, 2013 WL 499752, *3 (S.D.N.Y. Jan. 29, 2013) (quoting *Sierra v. City of New York*, 528 F. Supp. 2d 465, 468 (S.D.N.Y.2008)). Here, Plaintiff alleges that Defendants violated her rights under the Fair Housing Act. However, the Fair Housing Act is expressly enforceable in both state and federal courts, *see* 42 U.S.C. § 3613(a)(1)(A); therefore, "no stay of a state action is required to secure its intended scope." *Sierra*, 528 F. Supp. 2d at 468; *see also*, *Liggon-Redding*, 2014 WL 2805097, at *3 (D.N.J. June 20, 2014) ("the FHA does not constitute an express exception to the Anti-injunction Act"); *United States v. Billingsley*, 615 F.3d 404, 410 (5th Cir. 2010) (concluding that neither a private individual nor the government bringing an FHA claim would enjoy an exception to the Anti–Injunction Act). Plaintiff can bring her Fair Housing Act claim as an affirmative defense in the eviction proceedings. *See*, *e.g.*, *Pondexter v. Allegheny County Housing Authority*, 329 Fed. Appx. 347, 350 (3d Cir. 2009) (noting that plaintiff could have brought claims pursuant to the Fair Housing Act in state court proceedings).

The AIA's second exception—allowing for an injunction "where necessary in aid of [the federal court's] jurisdiction"—is triggered only if "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or

disposition of a case as to seriously impair the federal court's flexibility and authority to decide

that case." *Kristopher*, 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013) (quoting *Atl. Coast Line*

*R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)). Here, Plaintiff asserts that she

"is precluded as a matter of law from instituting a defense based on federal law" in the state court

eviction action. Dkt. No, 12 at 3. However, Plaintiff does not cite to any authority that

substantiates this assertion, nor is this Court aware of such authority. To the contrary, as stated

above, Plaintiff may raise her claim that Defendants violated the Fair Housing Act as an

affirmative defense to the state eviction proceeding.

Lastly, the AIA's third exception—which permits an injunction "to protect or effectuate

[the federal court's] judgments,"—only applies where an issue has been previously presented to

and decided by the federal court." *Kristopher*, 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013)

(quoting *Allen v. New York City Housing Authority*, 2010 WL 1644956, *4 (S.D.N.Y. April 20,

2010)). This Court has yet to issue any orders on the merits in this case. Thus, the third AIA

exception is inapplicable. Accordingly, the AIA prohibits this Court from granting the relief the

Plaintiff requests.[2]

---

[2] Because the Court is prohibited from granting the relief Plaintiff requests, it will not address whether Plaintiff satisfies the requirements for obtaining an ex part restraining order.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunctive Relief [Dkt. No.

12] is HEREBY DENIED.

Dated this 13th day of June, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge